[Cite as *State v. Dornoff*, 2018-Ohio-3084.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-16-072

      Appellee                              Trial Court No. 2015-CR-0367

v.

Steven H. Dornoff, Jr.                           **DECISION AND JUDGMENT**

      Appellant                             Decided:  August 3, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Steven H. Dornoff, Jr., appeals the September 14, 2016 judgment of the Wood County Court of Common Pleas, where he was sentenced to 15 years of incarceration, following acceptance of his negotiated guilty plea agreement.  For the reasons which follow, we vacate and remand.

**{¶ 2}** Appellant sets forth the following assignments of error:

1. The trial court erred to the prejudice of appellant in accepting a guilty plea, which was not made knowingly, in violation of appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

2. The trial court erred to the prejudice of appellant by denying his motion to withdraw his plea.

## Background

**{¶ 3}** On September 3, 2015, appellant was charged in a six-count indictment with three counts of rape with firearm specifications, one count of felonious assault with a sexual motivation specification, one count of felonious assault with firearm and sexual motivation specifications and one count of kidnapping with a sexual motivation specification. Appellant entered a plea of not guilty. The charges stem from an incident which occurred on August 29, 2015, when appellant drove a woman to a cemetery, allegedly threatened her and struck her on the head with a rifle, then raped her.

**{¶ 4}** On September 7, 2016, a jury trial commenced. The trial concluded on September 8, 2016, when the court became aware that appellant agreed to enter a plea. On September 12, 2016, appellant entered a guilty plea to one count of rape with a firearm specification, one count of felonious assault with a sexual motivation specification and one count of kidnapping with a sexual motivation specification. On the document entitled "Plea of Guilty to Amended Indictment and Waiver of Trial by Jury,"

2.

it provided in relevant part that "[t]he defendant is also aware that he will be required to register as a Tier 2 and Tier 3 Sexual Offender."

{¶ 5} Sentencing proceeded immediately after the plea was accepted. Appellant was sentenced to 11 years in prison on the rape count, 4 years in prison on the felonious assault count and 11 years in prison on the kidnapping count. The rape and the kidnapping counts were ordered to be served concurrently, for an aggregate sentence of 15 years of incarceration. The remaining counts of the indictment were dismissed. The court filed its judgment entry on September 14, 2016.

{¶ 6} On September 30, 2016, appellant filed with the trial court a pro se motion to withdraw his plea. The court denied the motion on October 3, 2016. Appellant filed another motion to withdraw his plea with the trial court, on November 3, 2016. This second motion was also denied by the court.

{¶ 7} On December 28, 2016, appellant filed with this court a motion for leave to file a delayed appeal; we found appellant's motion well-taken. Appellant then filed his appeal.

## Assignment of Error No. 1

{¶ 8} Appellant argues his plea was not knowingly or voluntarily offered as the trial court did not discuss registration duties, community notification requirements, duration or penalties associated with being classified as a Tier III sexual offender prior to accepting his guilty plea. In addition, appellant contends his plea document did not provide specific information pertaining to Tier III registration requirements. Appellant

3.

submits the court's failure to inform him of Tier III registration requirements should be viewed as a complete failure to comply and his plea must be vacated without a showing of prejudice.

## Law

### Crim.R. 11

{¶ 9} Crim.R. 11(C) governs guilty and no contest pleas in felony cases. Before a trial court may accept a guilty plea, it must address the defendant personally and inform him of, and ensure that he understands, "the nature of the charges and of the maximum penalty involved" and the "effect of the plea of guilty." Crim.R. 11(C)(2)(a) and (b). The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 10} "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30.

{¶ 11} If the trial court fails to strictly comply with Crim.R. 11(C) when explaining the defendant's constitutional rights, the guilty or no contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." (Citations omitted.) *Id.* at ¶ 31. Although the court need not use the exact language in the rule, it

4.

must explain the defendant's constitutional rights "in a manner which is reasonably intelligent to the defendant." *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17.

{¶ 12} A less stringent, substantial-compliance rule applies if the trial judge imperfectly explains a defendant's nonconstitutional rights, such as the maximum possible penalty and the effect of the plea. *Clark* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 13} Where the trial judge does not substantially comply with Crim.R. 11 with respect to a defendant's nonconstitutional rights, a reviewing court must determine whether there was partial compliance or a complete failure to comply. *Clark* at ¶ 32. If the trial judge partially complied, the plea will be vacated only if the defendant demonstrates a prejudicial effect. *Id.* at ¶ 31. If, however, there was a complete failure to comply with the rule, the plea must be vacated and prejudice need not be demonstrated. *Id.* at ¶ 32.

### R.C. Chapter 2950

{¶ 14} R.C. Chapter 2950 imposes classification, registration and community notification requirements on sexual offenders. The registration requirements in R.C. 2950.03, the community notification requirements in R.C. 2950.11, and the residential

5.

restrictions in R.C. 2950.034 have been determined to be punitive consequences or penalties. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 19.

{¶ 15} Before a defendant enters a plea which results in the defendant being classified as a sexual offender under R.C. Chapter 2950, "the trial court must inform the defendant of all of the punitive consequences of entering a guilty plea and having a * * * sex offender classification in order to substantially comply with non-constitutional provisions of Crim.R. 11." *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, ¶ 5. If the court fails to inform the defendant of all of the penalties, the plea is invalid. *Id. See also State v. Dangler,* 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981 (plea invalid because trial court informed defendant of Tier III classification but not registration or notification requirements); *State v. Sanders,* 6th Dist. Lucas No. L-15-1068, 2016-Ohio-1397, ¶ 8 (plea invalid because trial court informed defendant of Tier III classification but not registration requirements); *State v. McMahon,* 6th Dist. Sandusky No. S-14-036, 2015-Ohio-3300, ¶ 15 (plea invalid as trial court did not inform defendant of classification level or its implications, including registration and community notification requirements of R.C. Chapter 2950); *contra State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 17 (trial court found substantial compliance where defendant informed of his classification and generally that he would be subject to various reporting and notification requirements).

6.

**Analysis**

{¶ 16} Here, a review of the record shows that appellant signed a written plea of guilty document, prior to the plea hearing, which stated appellant would be required to register as a Tier II and Tier III sexual offender.  However, the plea document lacked any specificity as to the punitive consequences associated with being classified as a Tier II and Tier III sexual offender.

{¶ 17} At the plea hearing, the prosecutor indicated to the trial court that appellant was entering a guilty plea to three counts and "will be registered as a Tier III sex offender."  However, during the plea hearing, the trial judge did not advise appellant that he would have to register as a sexual offender, nor was appellant informed of any of the punitive consequences of entering a guilty plea and having a sexual offender classification.

{¶ 18} During the sentencing hearing, which occurred immediately after appellant's guilty plea was accepted, the judge informed appellant that he would be required to register as a Tier II sexual offender, which requires in-person registration for a period of 25 years, every 180 days, and a Tier III sexual offender, which requires registration, in person, every 90 days, for the rest of his life.  Appellant acknowledged he understood.

{¶ 18} We conclude the trial court failed to comply with Crim.R. 11(C)(2) by not informing appellant of the registration requirements, community notifications and residential restrictions associated with being classified as a Tier II and III sexual offender

7.

prior to accepting appellant's guilty plea. We further conclude the trial court's failure to comply with Crim.R. 11(C)(2) renders appellant's plea involuntary, unknowing and invalid. Accordingly, appellant's first assignment of error is well-taken.

{¶ 19} In light of the foregoing, the trial court's September 14, 2016 judgment is hereby vacated, and the case is remanded to the trial court for further proceedings consistent with this decision. As a result of this determination, appellant's second assignment of error is rendered moot. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

**Certification of Conflict**

{¶ 20} Article IV, Section 3(B)(4) of the Ohio Constitution states that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

{¶ 21} In order to qualify for certification to the Supreme Court of Ohio pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, a case must meet the following three conditions:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the

8.

certifying court must clearly set forth the rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. *Whitelock v. Gilbane Bldg. Co*., 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 22} As we recently determined in *State v. Dangler,* 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981, the judgment in this case conflicts with *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 17, in which the court found "[t]he fact that appellant was not specifically informed that he would be prohibited from living within 1,000 feet of a school does not invalidate his plea."

{¶ 23} We therefore certify the record in this case for review and final determination to the Supreme Court of Ohio on the following issue:

> During a plea proceeding, does a trial court's failure to inform a defendant about the residential restrictions imposed on sexual offenders under R.C. Chapter 2950 render the plea invalid?

{¶ 24} The parties are directed to S.Ct.Prac.R. 5.03 and 8.01 for guidance.

{¶ 25} It is so ordered.

Judgment vacated
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                            JUDGE
Thomas J. Osowik, J.

                                          _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                          _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.