[Cite as *State v. White*, 2020-Ohio-219.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                                  Court of Appeals No. S-19-012

     Appellee                                              Trial Court No. 18 CR 662

v.

Marcus E. White                                          **DECISION AND JUDGMENT**

     Appellant                                             Decided:  January 24, 2020

* * * * *

Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Marcus White, appeals the judgment of the Sandusky County Court of Common Pleas, convicting him following a plea of guilty to one count of attempted possession of marihuana in violation of R.C. 2925.11(A) and (C)(3)(d), and R.C. 2923.02(A), a felony of the fourth degree, and sentencing him to 18 months in prison.  For the reasons that follow, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On September 17, 2018, the Sandusky County Grand Jury entered a two-count indictment against appellant, charging him with one count of possession of marihuana in violation of R.C. 2925.11(A) and (C)(3)(d), a felony of the third degree, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree.  The charges arose from a traffic stop where appellant was a passenger in a car that contained a firearm and 3.1 pounds of marihuana.

{¶ 3} On December 11, 2018, appellant entered a plea of guilty to the amended charge of attempted possession of marihuana in violation of R.C. 2925.11(A) and (C)(3)(d), and R.C. 2923.02(A), a felony of the fourth degree.  Pursuant to the plea agreement, the charge for having a weapon under disability was dismissed.  Following a Crim.R. 11 plea colloquy, the trial court accepted appellant's plea, found him guilty, and continued the matter for the preparation of a presentence investigation report.

{¶ 4} The sentencing hearing was held on February 6, 2019.  At the sentencing hearing, counsel for appellant advocated for community control, referencing conversations that were had with the prosecution.  Counsel also presented his argument that appellant was very cooperative throughout the proceedings, has accepted responsibility for his actions, has a welding certificate and is looking to further his education, and wants to put down roots and build a good foundation for his life.  After

hearing counsel's statement, the trial court noted appellant's five prior felony convictions, his continued use of drugs, his recidivism score, and his active warrant from the state of Washington for escaping community control and possession of a controlled substance. The court also acknowledged its role to protect the public from future crime and impose an appropriate punishment. Thereafter, the trial court accepted the recommendation contained in the presentence investigation report and sentenced appellant to serve a prison term of 18 months. Upon prompting from the prosecutor, the trial court asserted that in imposing its sentence it had considered the factors in R.C. 2929.11 and 2929.12.

## II. Assignments of Error

{¶ 5} Appellant has timely appealed his judgment of conviction, and now asserts two assignments of error for our review:

> 1. The Trial Court's sentence of Marcus White ("Appellant") is excessive and violates the law.

> 2. Appellant's plea was not knowingly, voluntarily, and intelligently made.

## III. Analysis

{¶ 6} We will address appellant's assignments of error in reverse order.

**A. Appellant's plea was knowingly, intelligently, and voluntarily made.**

{¶ 7} In his second assignment of error, appellant argues that his plea was not knowingly, intelligently, and voluntarily made. "Before a trial court may accept a guilty

3.

plea, it must address the defendant personally and inform him of, and ensure that he understands, 'the nature of the charges and of the maximum penalty involved' and the 'effect of the plea of guilty.'" *State v. Dornoff*, 2018-Ohio-3084, 105 N.E.3d 1278, ¶ 9 (6th Dist.), quoting Crim.R. 11(C)(2)(a) and (b). "The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him." *Id.*, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 8} In this case, appellant argues that his plea was not knowingly, voluntarily, and intelligently made because conversations with the prosecutor led appellant to believe that he would be sentenced to community control instead of a term of imprisonment. However, the transcript from the plea hearing reveals that while community control was presented as a sentencing option, the trial court first informed appellant that it could impose a sentence of up to 18 months in prison. The court also informed appellant that if it sentenced him to prison, he could be subject to a period of postrelease control. Notably, the prosecution never mentioned community control, or made a recommendation of community control. In this way, this case is distinguishable from *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082 (8th Dist.), cited by appellant, in which the appellate court found that the plea was not knowingly, intelligently, and voluntarily made where the state and trial court both repeated the state's position that it was not seeking prison time, and the trial court never informed the defendant that it was not bound by the state's recommendation. Therefore, because the

4.

trial court correctly and fully informed appellant of the potential consequences of his plea, we hold that his plea was knowingly, intelligently, and voluntarily made.

{¶ 9} Accordingly, appellant's second assignment of error is not well-taken.

**B. Appellant's sentence is not clearly and convincingly contrary to law.**

{¶ 10} In his first assignment of error, appellant argues that his sentence is excessive, and that the trial court should have imposed a term of community control, which would have constituted the minimum sanction needed to appropriately punish appellant and deter others.

{¶ 11} We review felony sentences under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2)(b) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds "[t]hat the sentence is otherwise contrary to law." In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, *abrogated by State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 12} Here, appellant does not argue that postrelease control was improperly applied or that he was sentenced outside of the statutorily permissible range. The record also reflects that the trial court considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. Furthermore, we find that the record supports the trial court's sentencing determination in that appellant has five prior felony convictions, including attempted robbery, burglary, possession of a controlled substance, and bail jumping. Therefore, we cannot say that appellant's sentence is clearly and convincingly contrary to law.

{¶ 13} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 14} Judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant shall pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.