[Cite as *State v. Dornoff*, 2020-Ohio-3909.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No. WD-16-072

     Appellee                                      Trial Court No. 2015-CR-0367

v.

Steven H. Dornoff, Jr.                          **DECISION AND JUDGMENT**

     Appellant                                    Decided:  July 31, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before us based on a remand issued by the Supreme Court of

Ohio in *State v. Dornoff*, — Ohio St.3d —, 2020-Ohio-3022, — N.E.3d — ("*Dornoff*

*II*"), in which the court reversed our decision in *State v. Dornoff*, 6th Dist. No.

WD-16-072, 2018-Ohio-3084, 105 N.E.3d 1278 ("*Dornoff I*"), on the authority of *State v. Dangler*, — Ohio St.3d ——, 2020-Ohio-2765, — N.E.3d —— ("*Dangler II*"). For the reasons that follow, we affirm the September 14, 2016 judgment of the Wood County Court of Common Pleas.

{¶ 2} Appellant, Steven Dornoff, Jr., sets forth two assignments of error:

1. The trial court erred to the prejudice of appellant in accepting a guilty plea, which was not made knowingly, in violation of appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

2. The trial court erred to the prejudice of appellant by denying his motion to withdraw his plea.

**Facts**

***Dornoff I***

{¶ 3} As we set forth in *Dornoff I*, on September 3, 2015, appellant was charged in a six-count indictment with three counts of rape with firearm specifications, one count of felonious assault with a sexual motivation specification, one count of felonious assault with firearm and sexual motivation specifications and one count of kidnapping with a sexual motivation specification. *Id.* at ¶ 3.

{¶ 4} On September 12, 2016, a plea hearing was held where appellant entered a guilty plea to one count of rape with a firearm specification, one count of felonious assault with a sexual motivation specification and one count of kidnapping with a sexual

2.

motivation specification. *Id.* at ¶ 4. Prior to the plea hearing, appellant had signed a written plea of guilty document ("plea form"), which stated he would be required to register as a Tier II and Tier III sexual offender. *Id.* at ¶ 16. The plea form did not specify the punitive consequences related to being classified as a Tier II and Tier III sexual offender. *Id.*

{¶ 5} At the plea hearing, the prosecutor mentioned that appellant was entering a guilty plea and "will be registered as a Tier III sex offender." *Id.* at ¶ 17. The trial judge did not advise appellant that he would have to register as a sexual offender, nor did the judge inform appellant of any of the punitive consequences of entering a guilty plea or having a sexual offender classification. *Id.* Appellant was sentenced to 11 years in prison on the rape count, 4 years on the felonious assault count and 11 years on the kidnapping count. *Id.* at ¶ 5. The rape and the kidnapping counts were ordered to be served concurrently, for a total of 15 years of incarceration. *Id.* The remaining counts of the indictment were dismissed. The court's judgment entry was filed on September 14, 2016. *Id.*

{¶ 6} On September 30, 2016, appellant filed a pro se motion with the trial court to withdraw his plea; the motion was denied. *Id.* at ¶ 6. On November 3, 2016, appellant filed a second motion to withdraw his plea; this motion was also denied. *Id.*

{¶ 7} On December 28, 2016, appellant filed a motion for leave to file a delayed appeal; we granted the motion. *Id.* at ¶ 7. Appellant filed his appeal. *Id.*

3.

{¶ 8} In his first assignment of error, appellant argued his guilty plea was not knowingly or voluntarily made, as the trial court failed to inform him of Tier III registration requirements prior to accepting the plea. *Id.* at ¶ 8. Appellant asserted this should be viewed as a complete failure to comply with Crim.R. 11, and his plea must be vacated without a showing of prejudice. *Id.*

{¶ 9} In ruling on appellant's first assignment of error, we noted Crim.R. 11(C) governs guilty and no contest pleas in felony cases. *Id.* at ¶ 8. We relied on *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, in finding that R.C. Chapter 2950 imposes classification, registration and community notification requirements on sexual offenders, and the registration requirements in R.C. 2950.03, the community notification requirements in R.C. 2950.11, and the residential restrictions in R.C. 2950.034 are penalties. *Dornoff I* at ¶ 14. Thus, we found the trial court failed to comply with Crim.R. 11(C)(2) by not informing appellant of all of the registration requirements, community notifications and residential restrictions related to Tier II and III sexual offender classifications prior to accepting appellant's plea. *Id.* at ¶ 18. We further found "the trial court's failure to comply with Crim.R. 11(C)(2) renders appellant's plea involuntary, unknowing and invalid." *Id.* We vacated the trial court's judgment, and ruled the second assignment of error was moot. *Id.* at ¶ 18, 19. Appellant appealed to the Supreme Court, and *Dornoff II* was decided.

4.

*Dornoff II/Dangler II*

{¶ 10} In *Dornoff II*, the Supreme Court reversed *Dornoff I* on the authority of *Dangler II*, 2020-Ohio-2765.

{¶ 11} In *Dangler II*, the Supreme Court ruled "[w]hen a trial court has told a defendant that he is subject to the sex-offender-registration scheme, that defendant is entitled to have his conviction vacated for lack of a more complete explanation only if he demonstrates prejudice." *Id.* at ¶ 2.

{¶ 12} The Supreme Court mentioned the traditional rule when a criminal defendant seeks to have a conviction reversed on appeal: the defendant must establish that an error occurred and the defendant was prejudiced by that error. *Id.* at ¶ 13. The Supreme Court noted two exceptions to the prejudice component of the rule in the context of a criminal plea: when a trial court fails to explain the constitutional rights a defendant waives by pleading guilty or no contest and when a trial court completely fails to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty to a defendant. *Id.* at ¶ 13-15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16.

{¶ 13} The Supreme Court noted that in *State v. Dangler*, 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981 ("*Dangler I*"), we relied on *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, and found the registration requirements,

5.

in-person verification requirements, community-notification provisions and residency restrictions were punitive sanctions. *Dangler II* at ¶ 8. The Supreme Court observed that under our view "each of these requirements constitutes a separate penalty and therefore a trial court must go over each requirement in order to comply with Crim.R. 11(C)(2)(a)'s maximum-penalty advisement." *Id.* The Supreme Court noted that we "concluded that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a) and vacated Dangler's conviction and sentence without requiring him to show prejudice." *Id.*

{¶ 14} The Supreme Court disagreed with our interpretation, ruling "the *Williams* court did not decide that any specific element of the statutory scheme constitutes a criminal penalty." *Id.* at ¶ 22. The Supreme Court found

> Because the trial court * * * advised Dangler that he would be subject to the registration requirements of that statutory scheme, the trial court did not completely fail to comply with Crim R. 11(C)(2)(a)'s maximum-penalty-advisement requirement. * * * And the maximum-penalty advisement is not a constitutional requirement. Consequently, neither of this court's exceptions to the prejudice requirement apply, and Dangler can prevail only by establishing that he would not have pleaded no contest but for the trial court's failure to explain the sex-offender-classification scheme more thoroughly.

*Id.* at ¶ 22- 23.

6.

{¶ 15} The Supreme Court stated "prejudice must be established, 'on the face of the record.' *Hayward v. Summa Heath Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243." *Id.* at ¶ 24. The Supreme Court concluded there was "nothing in the record indicating that Dangler would not have entered his plea had he been more thoroughly informed of the details of the sex-offender-classification scheme. * * * Because Dangler has not established prejudice, he is not entitled to have his no-contest plea vacated for a failure to comply with Crim.R. 11(C)." *Id.*

## Analysis

{¶ 16} In light of the Supreme Court's *Dornoff II* decision and remand, we now reexamine appellant's assignments of error.

{¶ 17} Upon review, we find the trial court, similar to the trial court in *Dangler*, failed to completely and separately advise appellant of the sex-offender registration and in-person verification requirements, community-notification provisions, and residence restrictions imposed by the sex-offender registration scheme when accepting appellant's guilty plea. We further find, on the authority of the Supreme Court's holding in *Dangler*, this failure did not constitute a complete failure to comply with Crim.R. 11, thus appellant must demonstrate prejudice in order to have his conviction vacated.

{¶ 18} A review of the record reveals appellant has alleged he was prejudiced, but he has offered no explanation or evidence to show that he would not have entered the guilty plea but for the trial court's failure to fully advise him of all of the details of the sex-offender classification scheme. Therefore, appellant has not established prejudice,

7.

and he is not entitled to have his guilty plea vacated for a failure of the trial court to comply with Crim.R. 11(C).  Accordingly, appellant's assignments of error are not well-taken.

{¶ 19} The September 14, 2016 judgment of the Wood County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is assessed the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                        _____
                                                        JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, P.J.                _____
CONCUR.                                              JUDGE

                                              _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.