[Cite as *State v. Montgomery*, 2020-Ohio-5552.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-19-1202

     Appellee                                   Trial Court No. CR0201901893

v.

 James Montgomery                          **DECISION AND JUDGMENT**

     Appellant                                  Decided:  December 4, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * * *

**SINGER, J.**

{¶ 1} This case is before the court on appeal by appellant, James M. Montgomery,

from the August 22, 2019 judgment of the Lucas County Court of Common Pleas.  For

the reasons that follow, we dismiss, in part, appellant's appeal, and otherwise affirm the

trial court's judgment.

{¶ 2} Instead of assignments of error, appellant sets forth three issues:

I. Appellant's sentence pursuant to Senate Bill 201 ("S.B. 201") and O.R.C. 2929.144 violates the constitutional doctrine of the separation of powers

II. The trial court's judgment violates the appellant's due process rights pursuant to the Fifth and Fourteenth Amendments of the United States Constitution

III. Appellant's plea was not done knowingly, voluntarily, and intelligently made [sic]

**Facts**

{¶ 3} On the morning of April 10, 2019, appellant and his father were summoned by appellant's sister to assist her in resolving an argument which occurred during a drug party attended by the sister at a mobile home. Appellant and his father responded to the request for help and entered the mobile home, where fighting ensued. Appellant was arrested, along with his father and sister.

{¶ 4} On May 21, 2019, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree, and one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a felony of the first degree. On May 28, 2019, appellant was arraigned, and entered a plea of not guilty.

{¶ 5} On June 25, 2019, a pretrial hearing was held where the state represented that it had extended a plea offer, amending the aggravated burglary charge to burglary, a

2.

felony of the second degree, and requesting a nolle prosequi as to the felonious assault count.

{¶ 6} On July 23, 2019, another pretrial hearing was held at which the state represented that, with respect to the plea offer, it was recommending a two-year prison sanction, with a three-year maximum. The court noted the plea fell under the new law, the Reagan Tokes Law ("the Law"); the matter was continued.

{¶ 7} On July 30, 2019, a change of plea hearing was held. Appellant withdrew his not guilty plea and entered a no contest plea to the amended charge of burglary in violation of R.C. 2911.12(A)(1) and (2), a second-degree felony. The court found appellant guilty.

{¶ 8} On August 20, 2019, appellant's sentencing hearing was held. The trial court ordered appellant to serve a non-life indefinite prison term of a minimum of three years and a maximum of four and one-half years, followed by three years of mandatory postrelease control. The court entered a nolle prosequi as to the felonious assault charge. Appellant timely appealed.

{¶ 9} We will address appellant's issues out of order.

**Appellant's Third Issue**

{¶ 10} Appellant argues he "did not knowingly, intelligently and voluntarily enter his plea, because he was informed by the trial court of his specific sentence in exchange for his plea to the amended charge." Appellant contends the court's language was clear that by entering into the plea, the court would sentence appellant to a minimum prison

3.

term of two years and a maximum prison term of three years. In support of his arguments, appellant refers to portions of the transcript from the July 30, 2019 change of plea hearing relating to the prison term, and cites to Crim.R. 11, *State v. Dornoff*, 6th Dist. No. WD-16-072, 2018-Ohio-3084, 105 N.E.3d 1278, *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981) and *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082 (8th Dist.), which quotes *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). Appellant submits "an appellate court reviews a non-constitutional violation to determine if the court substantially complied and is determined by the totality of the circumstances [sic]." Appellant requests that his sentence be vacated and the matter remanded for a sentence consistent with the agreement presented to him.

## Law

{¶ 11} A defendant's plea must be entered knowingly, intelligently, and voluntarily in order for the plea to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Prior to accepting a plea, Crim.R. 11(C) requires the trial court to convey certain information so the defendant can make a voluntary and intelligent decision. *Ballard* at 479-480.

{¶ 12} Crim.R. 11(C)(2) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest

4.

without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 13} Strict compliance with Crim.R. 11 is required when the court is informing the defendant of constitutional rights, while only substantial compliance with Crim.R. 11 is required for nonconstitutional rights. *State v. Kamer*, 6th Dist. Lucas Nos. L-08-1114 and L-08-1429, 2009-Ohio-5995, ¶ 30. The constitutional rights are: (1) the Fifth Amendment privilege against compulsory self-incrimination; (2) the right to trial by jury;

5.

and (3) the right to confront one's accusers. *Nero*, 56 Ohio St.3d at 107, 564 N.E.2d 474, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶ 14} "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' * * * *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474." *Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082 at ¶ 14. A reviewing court will not vacate a plea if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11. *Nero* at 108, citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). However, "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. "If the trial judge partially complied * * * the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* at ¶ 31. On the other hand, "[i]f the trial judge completely failed to comply with the rule * * * the plea must be vacated" and prejudice need not be demonstrated. *Id.* at ¶ 32.

### Analysis

{¶ 15} Upon review, appellant acknowledged that the issue he raised involves a nonconstitutional right, which we review for substantial compliance.

{¶ 16} An examination of the record shows that at the change of plea hearing, the court addressed appellant personally and determined appellant understood the nature of

6.

the amended charge and the maximum penalty. The court informed appellant of the effect of a plea of no contest, and determined appellant understood. The court also informed appellant that upon acceptance of the plea, the court may proceed with judgment and sentence. The court further informed appellant of his constitutional rights, and determined that appellant understood these rights.

{¶ 17} We find that under the totality of the circumstances, the trial court substantially complied with Crim.R. 11, with respect to appellant's nonconstitutional rights, prior to accepting appellant's plea. Moreover, appellant has not argued or demonstrated that he suffered prejudice, and the record contains no evidence that appellant would not have otherwise entered the plea. Therefore, on the basis for relief raised by appellant, we will not vacate appellant's plea, nor will we find that appellant's plea was not knowingly, intelligently and voluntarily made. Accordingly, appellant's third issue is not well-taken.

### Appellant's First and Second Issues

{¶ 18} Appellant's first and second issues both relate to the Law (S.B. 201, of which R.C. 2929.144 is a part), and will therefore be addressed together.

{¶ 19} Appellant argues his sentence, pursuant to S.B. 201 and R.C. 2929.144, violates the separation of powers doctrine, and the trial court's judgment violates appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Appellant cites to several cases and statutes, including R.C.

7.

2967.271, and seeks to have his sentence vacated and the case remanded for a new sentence.

**Law**

{¶ 20} The Law "significantly altered the sentencing structure for many of Ohio's most serious felonies" by implementing an indefinite sentencing system for non-life, first and second-degree felonies committed on or after March 22, 2019. *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. The Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, however the Ohio Department of Rehabilitation and Correction ("ODRC") can rebut the presumption if it determines, after a hearing, that one or more factors applies, including the offender's conduct while incarcerated. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, the offender may remain incarcerated for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D).

{¶ 21} In *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, ¶ 5, we were faced with our first challenge to the Law, specifically that "the presumptive release feature of R.C. 2967.271, * * * violates * * * due process of law, and further violates the constitutional requirement of separation of powers." Maddox argued that the

8.

portions of the statute which allow ODRC to administratively extend his prison term beyond the presumptive minimum prison term violate the United States and Ohio Constitutions. *Id.* at ¶ 7. Since Maddox had "not yet been subject to the application of these provisions, as he has not yet served his minimum term, and * * * [had] not been denied release at the expiration of his minimum term of incarceration," we found the issues he raised were not yet ripe for review. *Id.* at ¶ 7, 14. We dismissed the appeal. *Id.* at ¶ 15.

{¶ 22} Thereafter, in *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ___ N.E.3d ___, ¶ 26, Velliquette argued that R.C. 2967.271, the Law, was unconstitutional as it violated the separation of powers doctrine and his due process rights. We found, on the authority of *Maddox*, that the issue of the constitutionality of potential extensions to the presumed minimum prison term were not ripe for review. *Id.* at ¶ 32. However, we observe that several other jurisdictions have implicitly determined the issue was ripe for review by addressing the constitutional challenge to the Law regarding future, possible extensions of a prison term beyond the presumed minimum term. *Id.* at ¶ 30.

{¶ 23} Section 3(B)(4), Article IV of the Ohio Constitution provides "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for

review and final determination." *Id.* at ¶ 31. The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends in in conflict with the judgment on the same question by other district courts of appeals. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). *Id.*

**Analysis**

**{¶ 24}** An examination of the record shows appellant's offense occurred after the effective date of the Law. At the time of sentencing, appellant's counsel lodged a "general objection for the record due to Senate Bill 201." Counsel contended S.B. 201 "violates the separation of powers, the inherent power of the Court to make decisions in sentencing. It violates [appellant's] due process rights. Also * * * there's a liberty interest at stake." Appellant was sentenced pursuant to the Law.

**{¶ 25}** Based on our precedent in *Maddox* and *Velliquette*, we find appellant's challenges to the constitutionality of the Law, regarding potential extensions to his presumed minimum prison term, are not ripe for review. Accordingly, we dismiss appellant's first and second issues. We recognize that this determination is in conflict

10.

with decisions of the Second and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, *State v. Rodgers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102, ___ N.E.3d ___, and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103. We therefore sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution. As this case concerns the same conflict at issue in *Maddox*, we certify the same question for review:

> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Corrections to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

**Conclusion**

{¶ 26} In light of the forgoing, we dismiss, in part, appellant's appeal, and affirm the August 22, 2019 judgment of the Lucas County Court of Common Pleas. The parties

are directed to S.Ct.Prac.R. 8.01 for instruction as to how to proceed with the certified conflict. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed, in part,
and judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE


_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.