[Cite as *State v. Acosta*, 2021-Ohio-757.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Angelo B. Acosta

    Appellant

Court of Appeals Nos. L-20-1068
L-20-1069

Trial Court Nos. CR0201902703
CR0201902038

**DECISION AND JUDGMENT**

Decided: March 12, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lara J. Rump, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This consolidated case is before us on an appeal brought by defendant-

appellant, Angelo Acosta, from the February 24 and March 30, 2020[1] judgments of the

---

[1] This nunc pro tunc judgment was entered to correct the felony-degree for Count 6.

Lucas County Court of Common Pleas which, following his guilty pleas to multiple counts of drug trafficking, sentenced him to a total minimum of 11 years of imprisonment. For the reasons set forth below, we affirm.

{¶ 2} Following the May 10, 2019 search of appellant's residence, appellant was indicted in case No. CR0201902038, on two counts, trafficking and possession of cocaine. Following testing on the seized items, appellant was indicted in case No. CR0201902703, on five additional counts, trafficking, possession, and illegal manufacture of drugs.

{¶ 3} Appellant originally entered pleas in both cases on January 27, 2020; sentencing was set for January 31, 2020. After multiple continuances, on February 14, 2020, the parties discussed appellant's wish to withdraw his plea because due to medication he was taking he was not clear-headed. The judge ultimately permitted that the original pleas be withdrawn and appellant again entered guilty pleas in both cases.

{¶ 4} In CR0201902038, appellant entered a guilty plea to one count of trafficking in cocaine, a second-degree felony; the remaining charge was dismissed. Prior to accepting appellant's plea, appellant was presented with additional forms explaining the ramifications of R.C. 2967.271, the Reagan Tokes law, which provides for a minimum prison sentence imposed to be the "presumed" release date subject to the Ohio Department of Corrections' (ODRC) ability to rebut the presumption and extend the term based on a defendant's noncompliance with institutional rules and recommended programs. Appellant, after consulting with his attorney and signing the acknowledgement forms,

2.

indicated that he understood. No objections were made as to the constitutionality of the statute. Appellant was immediately sentenced to a minimum of six years of imprisonment.

{¶ 5} In CR0201902703, appellant entered guilty pleas to aggravated possession of drugs, a third-degree felony, trafficking in heroin, a second-degree felony, and possession of drugs, a fifth-degree felony; the remaining charges were dismissed. Appellant was sentenced, respectively, to two consecutive 30-month sentences to be served concurrently with an 11-month sentence for a total of 60 months of imprisonment. Appellant then commenced the instant appeal and raises two assignments of error for our review:

> Assignment of Error I: The Reagan Tokes Act is unconstitutional.
>
> Assignment of Error II: Appellant's sentence should be vacated due to the trial court's failure to comply with the directives of R.C. 2929.11 and 2929.12.

### The Regan Tokes Law, R.C. 2967.271

{¶ 6} As referenced above, the Reagan Tokes law provides that a court, imposing a non-life imprisonment term for certain first and second-degree felonies committed after the law's March 22, 2019 effective date, must impose a minimum prison term which may be extended by one-half the minimum term due to institutional infractions as determined by the ODRC. In his first assignment of error, appellant argues that the statutory framework of the Reagan Tokes law is unconstitutional as it violates the separation of

3.

powers doctrine. Specifically, appellant contends that by giving the ODRC, part of the executive branch of government, the authority to extend a criminal defendant's sentence the law usurps the role of the judiciary. Appellant asserts that although his sentence has not yet been extended, the issue is ripe for review because in prison all of his "behaviors and all of his actions are being judged" and could act as bases for extending his sentence.

{¶ 7} The state counters first by arguing that because appellant failed to raise a constitutional challenge in the trial court, the objection is waived. The state further contends that despite appellant's contention, the statutory scheme in R.C. 2967.271, is not akin to the former "bad time statute," R.C. 2967.11, held unconstitutional, which permitted the ODRC to charge, convict, and sentence an inmate for institutional infractions. The state asserts that under the present sentencing scheme, the ODRC is not fashioning a new sentence under its own authority; rather, it is extending the potential maximum that was already imposed at the time of sentencing.

{¶ 8} Regarding waiver, courts reviewing sentences imposed pursuant to the Reagan Tokes law have held that the failure to object to the constitutionality of the statute in the trial court waives all but plain error. *State v. Johnson*, 11th Dist. Lake No. 2020-L-051, 2020-Ohio-6807. A plain error analysis requires that an appellant demonstrate that but for the plain or obvious error, the outcome of the proceeding would have been different and a reversal is required to prevent a manifest injustice. *Id.* at ¶ 13, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. Further, when challenging the constitutionality of a statute, which is presumed

4.

constitutional, an appellant must establish its unconstitutionality beyond a reasonable doubt. *State v. Towns*, 6th Dist. Williams No. WM-19-023, 2020-Ohio-5120, ¶ 38, quoting *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12.

{¶ 9} We further note that where an appellant fails to raise a plain error argument relating to the constitutionality of the Reagan Tokes law on appeal, courts have declined to "sua sponte" fashion and address such an argument. *Johnson* at ¶ 14; *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 40. Thus, we find that appellant waived the argument on appeal.

{¶ 10} However, reviewing the claims raised by appellant, we note that this court has recently held that the constitutionality of the Reagan Tokes law is not ripe for review where the appellant's imprisonment term has not yet been extended by the ODRC. *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702. In *Velliquette*, we explained that the appellant's arguments as to the "possibility" of an extended prison term may never be realized. *Id.* at ¶ 29. *Velliquette* and the ripeness issue is currently before the Supreme Court of Ohio. *See State v. Velliquette*, 161 Ohio St.3d 1415, 2021-Ohio-120, 161 N.E.3d 708. Accordingly, appellant's first assignment of error is not well-taken.

### Sentencing Guidelines of R.C. 2929.11 and 2929.12

{¶ 11} In appellant's second assignment of error he contends that the trial court failed to properly consider his drug addiction and remorse for the crimes in imposing his sentence. We review the imposition of a felony sentence in accordance with R.C.

5.

2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16.

R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise

modify a sentence if it clearly and convincingly finds either of the following:

>    (a) That the record does not support the sentencing court's findings
>
>    under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of
>
>    section 2929.14, or division (I) of section 2929.20 of the Revised Code,
>
>    whichever, if any, is relevant;
>
>    (b) That the sentence is otherwise contrary to law.

{¶ 12} Appellant argues that the trial court did not sentence him in a manner

guided by the overriding purposes of felony sentencing set forth in R.C. 2929.11(A),

which is to protect the public from future crime by the offender and others, to punish the

offender, and to promote the effective rehabilitation of the offender using the minimum

sanctions that the court determines accomplish those purposes without imposing an

unnecessary burden on state or local government resources.  To achieve those purposes,

the sentencing court shall consider the need for incapacitating the offender, deterring the

offender and others from future crime, rehabilitating the offender, and making restitution

to the victim of the offense, the public, or both.  A trial court's statement that it has

considered R.C. 2929.11 and 2929.12 in determining a sentence is sufficient to show the

court's compliance.  *State v. Harris*, 6th Dist. Wood No. WD-18-077, 2019-Ohio-4711,

¶ 8, citing *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d

1042, ¶ 11 (6th Dist.).

6.

**{¶ 13}** The Supreme Court of Ohio has recently held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 39. In other words, this court may not substitute its judgment in determining whether the sentence is supported under R.C. 2929.11 and 2929.12. *Id.* at ¶ 41-42.

**{¶ 14}** In this case, at the February 14, 2020 sentencing hearing the trial court expressly stated that it considered the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The court acknowledged appellant's substance abuse issue; the court then stated:

But you're beyond a user. You're a drug dealer, okay? You help out this poison out into the community, all right? You – not just the cocaine, the heroin that we regularly read about the havoc it is causing, the deaths, the addiction. You are part of the problem that is creating this circumstance by selling these drugs. And you're not a first-time offender. So you can't use this as an excuse.

And I feel bad for your family. And I feel bad for your children. But I have a responsibility to do what I can both to impose a sentence that will punish you for your conduct, defer [sic] others from following in your footsteps and do something so that the community knows that those in the

7.

criminal justice system take the circulation and the putting into circulation of these drugs in a serious manner.

{¶ 15} Reviewing the February 14, 2020 sentencing hearing, we find that the court gave proper consideration to the relevant statutory factors and that his sentence is not contrary to law. Appellant's second assignment of error is not well-taken.

{¶ 16} On consideration whereof, we affirm the February 14, 2020 and March 30, 2020 judgments of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.