[Cite as *State v. Perry*, 2021-Ohio-1748.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No. WD-20-025

    Appellee                                       Trial Court No. 2019CR0278

v.

 Keith B. Perry, III                               **DECISION AND JUDGMENT**

    Appellant                                    Decided:  May 21, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} On June 19, 2019, the Wood County Grand Jury issued an 11-count indictment against appellant.  The enumerated counts are as follows.  Count 1: kidnapping—Fl R.C. 2905.01(A)(3), 2905.01(C); Count 2:  pandering sexually-oriented matter involving a minor—F2 R.C. 2907.322(A)(1), 2907.322(C); Count 3:  pandering sexually-oriented matter involving a minor—F2 R.C.

2907.322(A)(1), 2907.322(C); Count 4: pandering sexually-oriented matter involving a minor—F2 R.C. 2907.322(A)(1), 2907.322(C); Count 5: pandering sexually-oriented matter involving a minor—F2 R.C. 2907.322(A)(l), 2907.322(C); Count 6: pandering sexually-oriented matter involving a minor or impaired person—F2 R.C. 2907.322(A)(l), 2907.322(C); Count 7: pandering sexually-oriented matter involving a minor or impaired person—F2 R.C. 2907.322(A)(1), 2907.322(C); Count 8: pandering sexually-oriented matter involving a minor or impaired person—F2 R.C. 2907.322(A)(1), 2907.322(C); Count 9: pandering sexually-oriented matter involving a minor or impaired person—F2 R.C. 2907.322(A)(1), 2907.322(C); Count 10: pandering sexually-oriented matter involving a minor or impaired person—F2 R.C. 2907.322(A)(1), 2907.322(C); Count 11: pandering sexually-oriented matter involving a minor or impaired person—F2 R.C. 2907.322(A)(1), 2907.322(C).

{¶ 2} On December 27, 2019, after the state amended the felony level on each count, appellant pled guilty to each count of the indictment, as amended.

{¶ 3} Appellant was advised at the time of the plea that he would be sentenced pursuant to S.B. 201, the Reagan Tokes law. Appellant's counsel objected to the application of the statute as being unconstitutional. The trial court overruled the objections.

{¶ 4} Appellant was sentenced to serve an indefinite term of 28 years minimum to a maximum term of 32 years under Count 1 and under Counts 2-11. He was sentenced to serve 24 months on each count of 2-11, to be served consecutive to each other.

2.

{¶ 5} Perry presents a single assignment of error for this court to review.

Assignment of Error I:

AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATE THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶ 6} In his solitary assignment of error, appellant attacks the constitutionality of the Reagan Tokes law, aka S.B. 201, arguing that it violates the doctrine of separation of powers and due process rights afford to him under the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

{¶ 7} The Reagan Tokes law ("Law") went into effect in Ohio on March 22, 2019. R.C. 2901.011. The Law requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). The Law also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections may rebut the R.C. 2967.271(B) presumption if it determines at a hearing

3.

that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the department rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶ 8} It is appellant's contention that the portions of the statute which allow the Department of Rehabilitation and Corrections to administratively extend his prison term beyond his presumptive minimum prison term of 28 years to as much as 32 years violate the United States and Ohio Constitutions. Appellant, however, has not yet served his minimum term, and so he has not become subject to the application of R.C. 2967.271.

{¶ 9} We have previously addressed multiple constitutional challenges to the Reagan Tokes Law. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150; *State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414 (6th Dist.); *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552*; State v. Sawyer*, 2020-Ohio-6980, --- N.E.3d --- (6th Dist.).

{¶ 10} As we recently stated in *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757:

> [T]his court has recently held that the constitutionality of the Reagan Tokes law is not ripe for review where the appellant's imprisonment term has not yet been extended by the ODRC. *State v. Velliquette*, 6th Dist.

Lucas No. L-19-1232, 2020-Ohio-4855; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702. In *Velliquette*, we explained that the appellant's arguments as to the "possibility" of an extended prison term may never be realized. *Id*. at ¶ 29. *Velliquette* and the ripeness issue is currently before the Supreme Court of Ohio. *See State v. Velliquette*, 161 Ohio St.3d1415, 2021-Ohio-120, 161 N.E.3d 708. *Id*. at ¶ 10.

**{¶ 11}** Accordingly, appellant's single assignment of error is found not well-taken.

**{¶ 12}** We affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

_____
JUDGE

Gene A. Zmuda, P.J. _____

_____

Myron C. Duhart, J. _____
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.