[Cite as *State v. Stenson*, 2021-Ohio-2256.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-20-1074

      Appellee                              Trial Court No.  CR0201901991

v.

Darius Stenson                              **DECISION AND JUDGMENT**

      Appellant                             Decided:  June 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Sara Al-Sorghali, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Darius Stenson, appeals the March 10, 2020 judgment of the

Lucas County Court of Common Pleas following his conviction for discharging a firearm

over prohibited premises—a roadway—and aggravated assault.  The trial court sentenced

Stenson to a non-life indefinite prison term of a minimum of four years and a maximum

of six years, to be served consecutively to a three-year prison term for a related specification, and a concurrent seventeen-month prison term for the aggravated assault conviction. For the following reasons, we affirm the trial court's judgment.

## I. Background

{¶ 2} On June 6, 2019, Stenson was indicted on one count of complicity to murder in violation of R.C. 2923.03(A)(2) and 2903.02(B), an unclassified felony; one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a second-degree felony; and one count of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and (C)(3), a second-degree felony. Each count included a specification for displaying, brandishing, indicating possession of, or using a firearm in the commission of the offense in violation of R.C. 2941.145(A), (B), (C), and (F).

{¶ 3} The charges arose from a May 29, 2019 incident in which Stenson and his codefendant, Devon Hands, discharged firearms across a roadway following an altercation at a graduation party. A bullet fired by Hands struck and killed the victim, T.H. Stenson was interviewed by detectives from the Toledo, Ohio Police Department and arrested. After being advised that Stenson made a recorded call from jail asking a friend to recover a "hat" from an alley near where the incident occurred, the detectives suspected Stenson was actually describing a firearm and searched the alley. They discovered a firearm matching the bullet caliber as those bullets recovered from the site of the incident. The state presented the case to a grand jury resulting in the three-count

2.

indictment. On June 18, 2019, Stenson appeared for his arraignment and entered a not guilty plea to all three counts.

{¶ 4} On February 10, 2020, the state filed an information charging Stenson with an additional count of aggravated assault in violation of R.C. 2903.12(A)(2) and (B), a fourth-degree felony. Following negotiations with the state, Stenson appeared for a change of plea hearing on February 18, 2020.[1] Stenson agreed to withdraw his previous not guilty plea and enter a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) to the original count of discharging a firearm on or near prohibited premises and the related specification. Stenson also waived his right to be charged by way of indictment on the recently-added count of aggravated assault and entered an *Alford* plea to that charge as well. In exchange for his plea, the state agreed to recommend that the sentences imposed on each count be ordered to be served concurrently and that it would not object to any future request for judicial release. The state also agreed to request dismissal of the remaining charges and the related specifications. The trial court accepted Stenson's plea and ordered him to participate in a presentencing interview before his sentencing hearing on March 3, 2020.

{¶ 5} At the sentencing hearing, the trial court imposed a non-life indefinite prison term of a minimum of four years and a maximum of six years for appellant's conviction for discharging a firearm on or near prohibited premises, and a three-year mandatory

---

[1] At that same hearing, Stenson also entered a guilty plea in a separate case pending before the Lucas County Court of Common Pleas. Stenson did not appeal any aspect of the related case.

3.

prison term for the related specification.  The trial court also imposed a seventeen-month prison term for Stenson's conviction for aggravated assault.  The prison terms imposed for Stenson's firearm discharge and aggravated assault convictions were ordered to be served concurrent but consecutive to the mandatory three-year term imposed for the related specification.  The trial court dismissed the remaining counts and their related specifications pursuant to the state's request.  Stenson's sentence was memorialized in a judgment entry on March 10, 2020.  He timely appeals and asserts the following errors for our review:

> 1.  THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED APPELLANT PURSUANT TO SENATE BILL 201 ("S.B. 201") AND O.R.C. 2929.144 VIOLATES THE CONSTITUTIONAL DOCTRINE OF THE SEPARATION OF POWERS.
>
> 2.  THE TRIAL COURT COMMITTED PLAIN ERROR BECAUSE THE JUDGMENT VIOLATES THE APPELLANT'S DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AS IT RELATES TO THE INDEFINITE SENTENCE.
>
> 3.  THE APPELLANT'S SENTENCE IS EXCESSIVE BECAUSE IT FAILS TO ACHIEVE THE PURPOSES AND PRINCIPLES OF SENTENCING UNDER OHIO LAW.

{¶ 6} We address stenson's third assignment of error first and, because they are related, we address stenson's first and second assignments of error together.

## II. Law and Analysis

### A. Stenson's sentence is not contrary to law

{¶ 7} In his third assignment of error, Stenson argues that his sentence is "excessive," and therefore contrary to law, because the trial court failed to weigh mitigating factors outlined in R.C. 2929.12 in his favor when it ordered him to serve the prison term for the underlying offenses consecutive to the prison term for the related specification.

{¶ 8} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * * " or (2) "the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2). The burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed. *State v. Torres,* 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 9} Here, Stenson's sole argument is that the trial court improperly weighed the R.C. 2929.12 mitigating factors when fashioning his sentence. But, in *State v. Jones,* Slip Opinion No. 2020-Ohio-6729, ¶ 42, the Ohio Supreme Court held that although trial courts are obligated to consider the factors identified in R.C. 2929.11 and R.C. 2929.12

5.

when imposing felony sentences, R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Accordingly, *Jones* precludes this court's review of a felony sentence where—as here—the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning that sentence.

{¶ 10} In any event, even if Stenson had framed the issue differently, we note that R.C. 2929.14(C)(1)(a) required the trial court to impose Stenson's prison terms for the underlying felony and the related specification consecutively.

{¶ 11} Accordingly, Stenson's third assignment of error is found not well-taken.

### B. Under *Maddox*, Stenson's constitutional challenge to the Reagan Tokes Law is not ripe for review.

{¶ 12} In his first and second assignments of error, Stenson argues that his sentence is unconstitutional because Senate Bill 201 ("the Reagan Tokes Law"), the statute under which he was sentenced for the discharging a firearm over a roadway conviction, violated the separation-of-powers doctrine and denied him his due process rights.

{¶ 13} The Reagan Tokes Law became effective on March 22, 2019. The law implemented "an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date." *State v. Sawyer,* 165 N.E.3d 844, 2020-Ohio-6980, ¶ 18 (6th Dist.), *citing State v. Polley,* 6th Dist. Ottawa No. OT-19-039,

6.

2020-Ohio-3213, ¶ 5, fn. 1. In *Sawyer,* we identified the manner in which indefinite sentences are to be imposed stating:

> * * * The [Reagan Tokes] Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, the offender may remain incarcerated for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D). *Id.*

{¶ 14} We have previously addressed multiple constitutional challenges to the Reagan Tokes Law. *See State v. Maddox,* 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702; *State v. Velliquette,* 160 N.E.3d 414, 2020-Ohio-4855 (6th Dist.); *State v. Montgomery,* 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *Sawyer,* 165 N.E.3d 844, 2020-Ohio-6980; *State v. Acosta,* 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Bothuel,* 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875; *State v.*

*Savage,* 6th Dist. Lucas No. L-20-1073, 2021-Ohio-1549; *State v. Perry,* 6th Dist. Wood No. WD-20-025, 2021-Ohio-1748; *State v. Shepard,* 6th Dist. Lucas No. L-20-1070, 2021-Ohio-1844; *State v. Zambrano,* 6th Dist. Lucas No. L-19-1224, 2021-Ohio-1906.

{¶ 15} In *Maddox,* the first of these challenges, the appellant argued that the statute's granting of authority to the ODRC to administratively extend his prison term beyond the presumptive minimum violated his right to due process under the U.S. and Ohio Constitutions and the separation-of-powers doctrine. We held that because the appellant "had not yet been subject to the application of these provisions, as he ha[d] not yet served his minimum term, and * * * had not been denied release at the expiration of his minimum term of incarceration," his arguments were not yet ripe for review. *Id.* at ¶ 7, 14. In each subsequent case, we have determined that the appellant's constitutional challenges to the Reagan Tokes Act are not ripe for review based on our holding in *Maddox.* We must reach that same conclusion here and find Stenson's first assignment of error is not ripe for our review and, therefore, dismissed.

{¶ 16} On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet,* 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson,* 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton,* 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Based on this conflict, the Ohio Supreme Court has accepted the review of the following certified question:

8.

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 17} Section 3(B)(4), Article IV of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends in conflict with the judgment on the same question by other district courts of appeals. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

9.

As we did in prior cases, we find that our judgment in this appeal is in conflict with decisions of the Second, Third, and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker,* 161 N.E.3d 112, 2020-Ohio-5048 (3d Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rodgers*, 2020-Ohio-4102, 157 N.E.3d 142 (12th Dist.); and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103. We, therefore, sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

### III. Conclusion

{¶ 18} Because we cannot independently weigh the evidence in the record and substitute our judgment for that of the trial court regarding the sentence that best reflects

compliance with R.C. 2929.11 and R.C. 2929.12, we find Stenson's third assignment of error not well-taken.

{¶ 19} We dismiss Stenson's first and second assignments of error because, under *Maddox*, Stenson's challenge to the constitutionality of the Reagan Tokes Law is not yet ripe for review. We certify a conflict to the Ohio Supreme Court on that issue, and the parties are directed to Sup.R.Pract. 8.01 for instructions on how to proceed.

{¶ 20} We affirm the March 10, 2020 judgment of the Lucas County Court of Common Pleas. Stenson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.            _____
                                                          JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, J.               _____
CONCUR.                                              JUDGE

                                              _____
                                                          JUDGE


| This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/. |
| --- |