[Cite as *State v. Figley*, 2021-Ohio-2622.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                        Court of Appeals No. L-20-1167

     Appellee                                     Trial Court No.  CR201902492

v.

Ramsey Michael Figley                       **DECISION AND JUDGMENT**

     Appellant                                    Decided:   July 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Ramsey Michael Figley, appeals the November 4, 2019 judgment

of the Lucas County Court of Common Pleas.  We sua sponte place this matter on the

accelerated calendar pursuant to App.R. 11.1(A), and this judgment entry is not an

opinion of the court. *See* S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12. For the following reasons, we dismiss the appeal as not ripe for review.

{¶ 2} On August 27, 2019, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and (d), a felony in the second degree, and one count of domestic violence in violation of R.C. 2919.25(A) and (D)(1) and (D)(2), a misdemeanor of the first degree. On October 2, 2019, pursuant to a plea agreement, appellant entered a no contest plea to the felonious assault charge. The trial court accepted the plea and found appellant guilty. On October 30, 2019, the trial court sentenced appellant to an indefinite prison term of a minimum of eight and a maximum of twelve years as provided under the Reagan Tokes law. The trial court also found the offense is an offense of violence, and ordered a three-year term of mandatory post release control. The trial court dismissed the domestic violence charge at the state's request, as provided by the plea agreement.

{¶ 3} Appellant filed a timely appeal, and raises a single, multi-pronged assignment of error for our review:

> Reagan Tokes is unconstitutional as it vests sentencing power in the Executive Branch and fails to afford Appellant access to an attorney at any disciplinary hearing while he is ODRC's [sic.] custody.
>
> A. The Reagan Tokes Act is unconstitutional
>
> 1. Appellant's arguments are ripe for review.

2.

2. The Separation of Power's Doctrine bars the Executive Branch from interfering in the administration of justice, a task assigned solely to the Judicial Branch.

3. It is a violation of Appellant's procedural due process rights to be denied access to counsel at every disciplinary hearing and the hearing to determine whether he can be released at his minimum prison term, and each hearing thereafter if his incarceration is continued.

{¶ 4} Our controlling precedent as to the sole issue raised, the constitutionality of the provisions for indefinite sentencing in the Reagan Tokes law, as codified at R.C. 2967.271, requires dismissal of the appeal. *See State v. Stenson,* 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 14, citing *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702; *State v. Velliquette*, 160 N.E.3d 414, 2020-Ohio-4855 (6th Dist.); *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *State v. Sawyer*, 165 N.E.3d 844, 2020-Ohio-6980 (6th Dist.); *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875; *State v. Savage*, 6th Dist. Lucas No. L-20-1073, 2021-Ohio-1549; *State v. Perry*, 6th Dist. Wood No. WD-20-025, 2021-Ohio-1748; *State v. Shepard*, 6th Dist. Lucas No. L-20-1070, 2021-Ohio-1844; *State v. Zambrano*, 6th Dist. Lucas No. L-19-1224, 2021-Ohio-1906.

3.

**{¶ 5}** Beginning with our decision in *Maddox,* we have consistently held that a challenge to the Reagan Tokes law becomes ripe only after an individual sentenced under that law has completed the minimum term of the indefinite sentence and has been denied release. *Stenson* at ¶ 14-15, citing *Maddox* at ¶ 7, 14. On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. The Ohio Supreme Court accepted the review of the following certified question:

> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

**{¶ 6}** We, therefore, dismiss the appeal under *Maddox,* as appellant's challenge to the constitutionality of the Reagan Tokes law is not ripe for review, while also noting the conflict certified to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution on the same issue raised in *Maddox.*

4.

**{¶ 7}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.