[Cite as *State v. Cook*, 2021-Ohio-2619.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                        Court of Appeals No. L-20-1205

       Appellee                                  Trial Court No.  CR0202001696

v.

Peter Cook                                          **DECISION AND JUDGMENT**

       Appellant                                 Decided:   July 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

### Introduction

{¶ 1} The defendant-appellant, Peter Cook, appeals the December 10, 2020

judgment of the Lucas County Court of Common Pleas, which sentenced him to a non-

life indefinite prison term of a minimum of 11 years and a maximum of 16 years and 6 months, following his guilty plea and conviction for rape. We affirm the trial court judgment.

## Background

{¶ 2} On June 10, 2020, Peter Cook was indicted on one count of rape, in connection with the assault of four-year-old child. At the change-of-plea hearing, Cook entered a plea of guilty to the amended charge of R.C. 2907.02(A)(2) and (B), a felony of the first degree. The amended charge removed language in the indictment identifying the age of the victim, thereby eliminating a potential sentence of life imprisonment without parole.

{¶ 3} The court engaged in an extensive colloquy with Cook. With regard to sentencing, the trial court explained that it was required to impose a mandatory, minimum sentence with an "indefinite tail." Thus, given the nature of the offense, Cook was subject to a minimum "basic prison term," ranging between 3 and 11 years, plus an "indefinite portion" of "50 percent of whatever the basic prison term [was]."

{¶ 4} The trial court found that Cook had been informed of his constitutional rights, that he understood the nature of the charge, the effect of the plea, as well as the penalties which could be imposed, and that he had made a knowing, intelligent and voluntary decision to withdraw his former plea of not guilty and to tender a guilty plea. The court accepted Cook's plea and found him guilty.

2.

{¶ 5} At the November 24, 2020 sentencing hearing, the trial court reviewed the contents of the presentence investigation ("PSI"). According to the PSI, Cook was previously convicted of two felonies as an adult, both in 2008: sexual exploitation of minors (federal) and pandering sexually oriented matter involving a minor (Ohio). Cook was sentenced to 76 months in federal prison, with 10 years of supervised release. His five-year sentence in Ohio was ordered to be served concurrently to the federal sentence. The PSI also includes comments from Cook's parole officer who characterized Cook as "non-compliant" with respect to mental health services he received to treat his longstanding pedophilia diagnosis and also noted that Cook "expressed absolutely no remorse for his behavior" in this case.

{¶ 6} Next, the court heard from a representative for the family who read a detailed letter from the victim's mother. The letter describes the emotional toll Cook's offense has taken on all the family members, especially the victim's young brother who discovered the assault as it was occurring.

{¶ 7} Cook's trial counsel indicated that Cook had been active in a support group for sex offenders but "[fell] off the wagon" when "Covid 19 hit" because his "treatment [services] just evaporated." He requested a sentence "at the lower end of the sentencing range" based, in part, upon the "stellar letters of recommendation" provided to the court in advance of sentencing.

3.

{¶ 8} For its part, the state expressed concern that "once [Cook] stops having [sex offender] treatment, * * * he reoffends nearly immediately." It stressed that Cook, who was known to the victim's family, made a "purposeful decision" and a "calculated plan" to "isolate" the victim at the victim's house, and that he was there without the "knowledge" or "permission" of the victim's parents, who were not home at the time. Consistent with the terms of the plea agreement, the state recommended that Cook be sentenced to a minimum sentence of 10 years, with an indefinite tail of 5 years, for a maximum stated term of 15 years.

{¶ 9} By judgment order dated December 10, 2020, the trial court sentenced Cook to a minimum prison sentence of 11 years up to 16 years and 6 months. It also ordered 5 years of mandatory post-release control and found Cook to be a Tier III sexual offender under R.C. 2950.01. The conviction and sentence were memorialized in a judgment entry journalized on December 10, 2020.

{¶ 10} After the sentencing hearing, the trial court received a "general presentence psychological evaluation" that was prepared by Timothy F. Wynkoop, Ph.D. at the request of the court. The court then recalled the matter for sentencing to allow the parties the opportunity to address the contents of the report on the record. Cook requested that the court reduce the original sentence, in light of the report. But the trial court found that it was "not swayed," adding that, "if anything" the report "justifie[d] the maximum sentence" because it included Cook's admission that he "had victimized four children in

4.

the course of his adult life." The trial court affirmed its previous sentence by judgment entry journalized on December 11, 2020.

{¶ 11} Cook appealed the judgment and presents two assignments of error for our review.

I. The trial court abused its discretion when it sentenced appellant to the maximum sentence, against the jointly recommended sentencing cap, when the sentence arguably does not promote the effective rehabilitation of the offender pursuant to R.C. 2929.11, and when appellant had performed well with access to rehabilitating programs prior to the global pandemic.

II. The trial court committed plain error by sentencing appellant pursuant to R.C. 2901.011 (The Reagan Tokes law) which arguably violates appellant's right to due process and the separation of powers doctrine when the constitutionality of said statute has not been decided by this court, and when there is a certified conflict as to its constitutionality currently pending in the Ohio Supreme Court.

**Maximum Sentence**

{¶ 12} In his first assignment of error, Cook argues that the trial court "abused its discretion" when it sentenced him to the maximum sentence which was contrary to the jointly recommended sentencing cap.

5.

{¶ 13} We review a challenge to a felony sentence under R.C. 2953.08(G)(2), which plainly states that "the appellate court's standard for review is *not* whether the sentencing court abused its discretion." (Emphasis added.) Instead, R.C. 2953.08(G)(2) provides,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 14} Cook does not complain that his sentence violated R.C. 2953.08(G)(2)(a). This leaves R.C. 2953.08(G)(2)(b) as the only basis for challenging his sentence. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C.

6.

2929.12, properly applied post-release control, and sentenced the defendant within the statutorily-permissible range.

{¶ 15} "Importantly, however, the Ohio Supreme Court has made clear that 'neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record.'" *State v. White*, 6th Dist. Wood No. WD-20-040, 2021-Ohio-987, ¶ 10, quoting *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 20. In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and 2929.12 is presumed, even on a silent record. *Id.,* citing *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1; *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95 (1992).

{¶ 16} Moreover, an appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42. Applying *Jones,* we previously held that "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 *is no longer grounds for this court to find reversible error*." (Emphasis added.) *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 (emphasis added).

{¶ 17} Cook nonetheless urges us to find that the trial court's imposition of a maximum sentence "does not promote the effective rehabilitation of the offender

7.

pursuant to R.C. 2929.11." That is, he argues that the "circumstances of this situation are unlikely to occur again" because he functioned as a law-abiding citizen for a number of years and would have continued to so but for the global pandemic and resulting loss of services. Even if we were persuaded by Cook's argument—which we are not—we are precluded by *Jones* from reviewing a felony sentence "where—as here—the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning that sentence." *State v. Stenson,* 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 9, citing *Jones* at ¶ 42.

{¶ 18} Accordingly, we find Cook's first assignment of error not well-taken.

### Cook's constitutional challenge to the Reagan Tokes Law is not ripe for review.

{¶ 19} In his second assignment of error, Cook argues that his sentence is "arguably" unconstitutional because Senate Bill 201 ("the Reagan Tokes Law"), the statute under which he was sentenced, violates the separation-of-powers doctrine and denies him his due process rights.

{¶ 20} The Reagan Tokes Law became effective on March 22, 2019. The law implemented "an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date." *State v. Sawyer,* 6th Dist. Lucas No. L-19-1198, 2020-Ohio-6980, ¶ 18, citing *State v. Polley,* 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. In *Sawyer,* we identified the manner in which indefinite sentences are to be imposed stating:

8.

* * * The [Reagan Tokes] Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, the offender may remain incarcerated for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D). *Id.*

{¶ 21} We have previously addressed multiple constitutional challenges to the Reagan Tokes Law. *See, e.g., State v. Maddox,* 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702; *State v. Velliquette,* 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855; *State v. Montgomery,* 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *Sawyer,* 6th Dist. Lucas No. L-19-1198, 2020-Ohio-6980; *State v. Acosta,* 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Bothuel,* 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875; *State v. Savage,* 6th Dist. Lucas No. L-20-1073, 2021-Ohio-1549; *State v. Perry,* 6th Dist. Wood No. WD-20-025, 2021-Ohio-1748; *State v. Shepard,* 6th Dist. Lucas No. L-

9.

20-1070, 2021-Ohio-1844; *State v. Zambrano,* 6th Dist. Lucas No. L-19-1224, 2021-Ohio-1906; *State v. Stenson,* 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256.

**{¶ 22}** In *Maddox,* the first of these challenges, the appellant argued that the statute's granting of authority to the ODRC to administratively extend his prison term beyond the presumptive minimum violated his right to due process under the U.S. and Ohio Constitutions and the separation-of-powers doctrine. We held that because the appellant "had not yet been subject to the application of these provisions, as he ha[d] not yet served his minimum term, and * * * had not been denied release at the expiration of his minimum term of incarceration," his arguments were not yet ripe for review. *Id.* at ¶ 7, 14. In each subsequent case, we have determined that the appellant's constitutional challenges to the Reagan Tokes Act are not ripe for review based on our holding in *Maddox.* We must reach that same conclusion here and find Cook's second assignment of error is not ripe for our review and, therefore, dismissed.

**{¶ 23}** On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet,* 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson,* 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton,* 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Based on this conflict, the Ohio Supreme Court has accepted the review of the following certified question:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to

administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 24} Section 3(B)(4), Article IV of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 25} As we did in prior cases, we find that our judgment in this appeal is in conflict with decisions of the Second, Third, and Twelfth District Courts of

11.

Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker,* 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rodgers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102; and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103. We, therefore, sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

**Conclusion**

{¶ 26} Because we cannot independently weigh the evidence in the record and substitute our judgment for that of the trial court regarding the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12, we find Cook's first assignment of error not well-taken.

12.

{¶ 27} We dismiss Cook's second assignment of error because, under *Maddox*, his challenge to the constitutionality of the Reagan Tokes Law is not yet ripe for review. We certify a conflict to the Ohio Supreme Court on that issue, and the parties are directed to Sup.R.Pract. 8.01 for instructions on how to proceed.

{¶ 28} We affirm the December 10, 2020 judgment of the Lucas County Court of Common Pleas. Cook is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.