[Cite as *State v. Palmer*, 2022-Ohio-2293.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No.  OT-21-034

        Appellee                              Trial Court No.  21 CR 113

v.

Adam Palmer                                      **<u>DECISION AND JUDGMENT</u>**

        Appellant                            Decided:  June 30, 2022

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Chief Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Adam Palmer, appeals the November 4, 2021

judgment of the Ottawa County Court of Common Pleas, sentencing him to 17 months in

prison.  For the following reasons, we affirm.

# I. Background and Facts

{¶ 2} Palmer was indicted on one count of domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony, and one count of obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony.

{¶ 3} Palmer agreed to plead guilty to the domestic violence charge in exchange for the state dismissing the obstructing charge at sentencing.

{¶ 4} At the plea hearing, the state explained the facts underlying the charges against Palmer. Palmer argued with his father—who is disabled and in a wheelchair—on the day of the incident. The argument escalated to Palmer assaulting his father. They struggled, and Palmer threw his father out of his wheelchair. After throwing his father to the floor, Palmer moved the wheelchair—which held a medical alert button that allowed his father to call for help—to another room. Palmer then barricaded himself in a bedroom. Despite Palmer's efforts to prevent his father from calling for help, his father was able to reach his wheelchair and press the alert button. When the police arrived, Palmer squeezed through a window and fled. However, the police arrested him the same day.

{¶ 5} Palmer admitted to being extremely intoxicated on the day of the assault. He said that he did not remember anything other than having an altercation with his father. But he also said that he had no reason to dispute the state's explanation of the facts.

2.

{¶ 6} The trial court accepted Palmer's plea and found him guilty of domestic violence. The court also ordered a presentence investigation ("PSI") and set the matter for sentencing.

{¶ 7} At the sentencing hearing, the trial court heard statements from the prosecutor and defense counsel, and Palmer spoke in his own behalf. After hearing the statements, the court reviewed the factors that it took into consideration when sentencing Palmer, including the information in his PSI and the victim-impact statement. Before concluding, the trial court reviewed the purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. While reviewing the R.C. 2929.12 factors, the court found that "the more likely recidivism factors outweigh the less likely factors" and "[t]he more serious factors outweigh the less serious factors."

{¶ 8} After considering all of this information, the court sentenced Palmer to 17 months in prison.

{¶ 9} Palmer now appeals, raising one assignment of error for our review:

THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A SEVENTEEN MONTH PERIOD OF INCARCERATION UPON DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

3.

## II. Law and Analysis

{¶ 10} In his sole assignment of error, Palmer argues that his sentence does not conform to the requirements of "R.C. 2929 viewed collectively." The state responds that his sentence was "appropriate and supported by the record."

{¶ 11} Initially, we note that Palmer argues—without citing any case law—that we should review his assignment of error under either a manifest-weight-of-the-evidence standard or an abuse-of-discretion standard. These are not the standards applicable to felony sentencing, however. We review challenges to felony sentencing under R.C. 2953.08(G)(2), which provides,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} Palmer attempts to circumvent the requirements of R.C. 2953.08(G)(2) by arguing that the trial court sentenced him to prison based on the "current requirements of R.C. 2929 viewed collectively." However, his focus is squarely on the trial court's consideration of the purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Accordingly, we are not persuaded that Palmer's sentence should be reviewed any differently than any other felony sentence.

{¶ 13} In that respect, as the Ohio Supreme Court has recognized, R.C. 2929.11 and 2929.12 are not listed in the statutory provisions under R.C. 2953.08(G)(2)(a). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 ¶ 28. Therefore, an appellate court may not use R.C. 2953.08(G)(2)(a) to "modify or vacate a sentence based on the lack of support in the record for the trial court's finding under R.C. 2929.11 and 2929.12." *Id*. at ¶ 29. In fact, R.C. 2953.08(G)(2)(b) does not allow an appellate court to independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, or modify or vacate a sentence based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42; *see also State v. Toles*, 166 Ohio St.3d 397, 2021-

5.

Ohio-3531, 186 N.E.3d 784, ¶ 10 (Brunner, J., concurring) (R.C. 2953.08 "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12.").

{¶ 14} Therefore, as this court has repeatedly recognized, we cannot review a felony sentence "where—as here—the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning [a] sentence." *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 9, citing *Jones* at ¶ 42, *rev'd on other grounds, sub nom. In re Cases Held for the Decision in State v. Maddox*, Slip Opinion No. 2022-Ohio-1352; *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 ("In light of *Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error.").

{¶ 15} Accordingly, because we cannot second-guess the trial court's application of R.C. 2929.11 and 2929.12, Palmer's assignment of error is not well-taken.

### III.  Conclusion

{¶ 16} For the foregoing reasons, the November 4, 2021 judgment of the Ottawa County Court of Common Pleas is affirmed. Palmer is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.